```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

| | |
|---|---|
| ARON J. AUSTIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 20-2285-TLP-tmp |
| | ) |
| MOBILFYI, LLC, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the court is Shalini Joshi's *pro se* motion on behalf of Mobifyi, LLC to dismiss the complaint for lack of personal jurisdiction. For the reasons below, it is recommended that the motion to dismiss be denied without prejudice.

**I.   PROPOSED FINDINGS OF FACT**

This is a breach of contract dispute. Aron J. Austin, appearing *pro se*, is suing various people and entities because, he alleges, they breached a contract with him to develop an app. (ECF No. 1.) One of the entities Austin is suing is Mobilfyi, LLC. (Id.) On May 22, 2020, Shalini Joshi, who identifies himself as the registered agent of Mobilfyi, LLC, filed a *pro se* motion to dismiss on behalf of Mobilfyi for lack of personal jurisdiction. (ECF No. 10.) Joshi's motion states that "Mobifyi, LLC, is a domestic

limited liability company formed in Georgia with its principal place of business in Duluth, Georgia. (Id.)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  28 U.S.C. § 1654

Appearances in federal court are governed by 28 U.S.C. § 1654. This statute generally prohibits non-lawyers from representing persons other than themselves in federal court. Olagues v. Timken, 908 F.3d 200, 203 (6th Cir. 2018) ("[W]e have consistently interpreted § 1654 as prohibiting pro se litigants from trying to assert the rights of others."). Because of this prohibition, business organizations may not appear *pro se* in federal court. Id.; Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). This includes LLCs. See Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007); Last Minute Cuts, LLC v. Biddle, No. 18-2631-MSN-tmp, 2019 WL 6222280, at *2 (W.D. Tenn. Oct. 18, 2019), report and recommendation adopted, 2019 WL 6219544 (W.D. Tenn. Nov. 21, 2019); GCA Servs. Grp., Inc. v. Parcou, LLC, No. 2:16-CV-02251, 2016 WL 9307505, at *1 (W.D. Tenn. June 6, 2016). The Sixth Circuit has instructed that district courts are obligated to enforce this rule even if the issue is not raised by the parties. Zanecki v. Health All. Plan of Detroit, 576 F. App'x 594, 595 (6th Cir. 2014).

Joshi cannot represent Mobifyi *pro se* in this suit. It is recommended that the motion to dismiss Joshi has filed on behalf of Mobifyi be denied without prejudice.

### III. RECOMMENDATION

For the reasons above, it is recommended that the motion to dismiss be denied without prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

May 29, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**