IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARON J. AUSTIN,                                )<br>                                                              )<br>     Plaintiff,                                        )<br>                                                              )   No. 2:20-cv-02285-TLP-tmp<br>v.                                                         )<br>                                                              )   JURY DEMAND<br>MOBIFYI, LLC and 3 EMBED      )<br>SOFTWARE TECHNOLOGIES, PVT.  )<br>LTD.,                                              )<br>                                                              )<br>     Defendants.                                )  | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued pro se alleging claims for breach of contract and negligence against Defendants Mobifyi, LLC ("Mobify") and 3 Embed Software Technologies, Pvt. Ltd. (ECF No 1.) Mr. Shalini Joshi, who identifies himself as the registered agent of Mobifyi, filed a pro se motion on behalf of Mobifyi to dismiss Plaintiff's claims for lack of personal jurisdiction. (ECF No. 10.)

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court deny the motion to dismiss without prejudice under 28 U.S.C. § 1654. (ECF No. 12 at PageID 154–55.) For the reasons below, the Court **ADOPTS** the R&R and **DENIES WITHOUT PREJUDICE** the motion to dismiss for lack of personal jurisdiction.

**I.    The Magistrate Judge's Findings**

The Magistrate Judge found that 28 U.S.C. § 1654 "generally prohibits non-lawyers from representing other persons other than themselves in federal court." (*Id.* at PageID 155) (citing *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018)). Due to this prohibition, the Magistrate

Judge further explained that business organizations, including LLCs, cannot appear pro se in federal court.  (*Id.*) (citing *Olagues*, 908 F.3d at 203; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007); *Last Minute Cuts, LLC v. Biddle*, No. 18-2631-MSN-tmp, 2019 WL 6222280, at *2 (W.D. Tenn. Oct. 18, 2019), *report and recommendation adopted*, 2019 WL 6219544 (W.D. Tenn. Nov. 21, 2019); *GCA Servs. Grp., Inc. v. Parcou, LLC*, No. 2:16-CV-02251, 2016 WL 9307505, at*1 (W.D. Tenn. June 6, 2016)).  Thus, the Magistrate Judge recommended that the Court dismiss the motion to dismiss for lack of personal jurisdiction without prejudice.

**II.    Disposition**

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).

Neither party objected to the R&R, and the time for filing objections has expired.  *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R in its entirety.  Thus, the Court **DENIES WITHOUT PREJUDICE** the motion to dismiss for lack of personal jurisdiction.

**SO ORDERED**, this 27th day of July, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE