```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
ARON J. AUSTIN,                   )
                                  )
    Plaintiff,                    )
                                  )
v.                                ) No. 20-cv-2285-TLP-tmp
                                  )
MOBIFYI, LLC, et al.,             )
                                  )
    Defendants.                   )
```
_____

## REPORT AND RECOMMENDATION
_____

Before the court is plaintiff Aron J. Austin's Motion to Set Aside Final Judgment of Dismissal and for Sanctions. (ECF No. 21.) Intertwined with this motion is defendant Mobifyi, LLC's ("Mobifyi") Motion to Enforce the Settlement Agreement for all parties. (ECF No. 24.) Because the undersigned finds that there is an enforceable settlement agreement and that Austin's allegations of sanctionable conduct are meritless, it is recommended that Austin's Motion to Set Aside Final Judgment of Dismissal and for Sanctions be denied and that Mobifyi's Motion to Enforce the Settlement Agreement be granted.

### I. PROPOSED FINDINGS OF FACT

**A. Procedural History**

On April 15, 2020, plaintiff Aron J. Austin filed a *pro se* complaint against defendants Mobifyi, LLC, 3 Embed Software

Technologies, Pvt. Ltd, Vaibhav Sharma, and Appscrip, LLC, the underlying facts of which are not relevant to the current motions before the court. (ECF No. 1.) On June 15, 2020, Austin filed a notice of settlement and a final judgment of dismissal as to all parties with the court. (ECF No. 18.) The notice included a letter to Judge Thomas Parker, the presiding district court judge, stating that Austin had "settled this matter with all parties." (ECF No. 18.) The notarized Full and Final Release, Indemnification and Hold Harmless Agreement ("the settlement agreement") shows that the parties agreed to settle the case for $4,250 in exchange for Austin releasing all parties from liability for all claims. (ECF No. 30-3.)

However, on July 13, 2020, Austin filed a motion to set aside the notice of settlement and final judgment of dismissal along with a motion for sanctions. (ECF No. 21.) In his motion, Austin alleged that Rajita Moss, a Mississippi-licensed attorney retained by Mobifyi, misrepresented herself as a court-appointed mediator during the settlement negotiations; that she engaged in the unauthorized practice of law by negotiating a settlement on behalf of a Tennessee business while neither being admitted as a member of the Tennessee bar nor having been granted *pro hac vice* status; and that Moss did not sign the final judgment of dismissal in violation of Federal Rule of Civil Procedure 11. (ECF No. 21-1.) On July 27, 2020, Mobifyi filed a motion to enforce the settlement

- 2 -

agreement. (ECF No. 24.) The next day, on July 28, 2020, Austin responded to Mobifyi's motion, alleging that the settlement was void, reiterating his allegations. (ECF No. 28.)

When Mobifyi did not initially respond to Austin's motion for sanctions, the undersigned entered an order directing Mobifyi to respond. (ECF No. 29.) Mobifyi responded to Austin's motion on August 4, 2020, denying any wrongdoing and attaching a lengthy email chain between Moss and Austin as well as an affidavit by Moss to support her account of the events. (ECF No. 30.) On August 6, 2020, Austin replied to Mobifyi's response, again repeating his allegations against Moss. (ECF No. 31.) On September 9, 2020, the undersigned held an evidentiary hearing and heard testimony under oath from both Austin and Moss pertaining to Austin's allegations. (ECF No. 36.)

**B.    Settlement Negotiations**

Beginning on June 8, 2020, Moss and Austin engaged in extensive back-and-forth settlement negotiations over the course of four days, the entirety of which is documented by email records. All of the emails from Moss were sent from her law firm email account and identify her as an attorney employed by Wells Marble & Hurst, PLLC. (ECF No. 30-1.) In Moss's initial email to Austin, she introduced herself as having been retained by Shalini Joshi, a representative of Mobifyi, to settle the matter as to all parties. (ECF No. 30-1, at 1.) She began the negotiations by

offering Austin $2,750 to fully settle his claims.  (ECF No. 30-1, at 1.)

> **From:** Rajita Moss
> **To:** "aron38053@gmail.com"
> **Subject:** Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp
> **Date:** Monday, June 8, 2020 10:24:00 AM
>
> Dear Mr. Austin:
>
> ==I have been retained by Shalini Joshi with regard to the above referenced litigation.  We are making a good faith effort to resolve this matter before proceeding with formal litigation.== It is our understanding that you paid $1,750 for the project that is detailed in the contract which is the subject of your litigation. As suggested in your letter, in an effort to resolve this prior to commencement of litigation, I have been authorized to extend $2,750 to fully settle all your claims against all parties in this litigation.
>
> I look forward to hearing from you.
>
> Rajita Iyer Moss
> Wells Marble & Hurst, PLLC
> Post Office Box 131
> Jackson, MS 39205-0131
> 300 Concourse Boulevard, Suite 200
> Ridgeland, MS 39157
>
> 601.605.6900 MAIN
> 601.605.6919 DIRECT
> 601.605.6901 FAX
>
> 
>
> NOTICE: THIS MESSAGE AND ANY ATTACHMENTS MAY CONTAIN INFORMATION WHICH IS PRIVILEGED AND/OR CONFIDENTIAL. YOU ARE PROHIBITED FROM COPYING, DISTRIBUTING OR OTHERWISE USING THIS INFORMATION, IF YOU ARE NOT THE INTENDED RECIPIENT. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY ME IMMEDIATELY BY RETURN E-MAIL OR PHONE, AND PERMANENTLY DELETE THIS E-MAIL AND ANY ATTACHMENTS FROM YOUR SYSTEM.

(ECF No. 30-1, at 1.)

That same day, Austin responded by rejecting the offer and countering with an offer to settle the case for $10,000, explaining why he believed that it was a fair offer for both sides.  (ECF No. 30-1, at 2.)  Mobifyi did not accept Austin's $10,000 counteroffer,

- 4 -

and instead raised its offer to $3,000.  (ECF No. 1, at 5.)  Austin responded by standing firm with his $10,000 offer, stating that the offer would remain valid until the next morning.  (ECF No. 1, at 7.)

> From: Aaron Austin
> To: Rajita Moss
> Subject: Re: Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp
> Date: Monday, June 8, 2020 6:08:32 PM
>
> Thank you for a prompt response. Our counter offer of 10,000.00 is still valid and on the table. Our offer will expire Tuesday 9th June @ 10:00A
> I trust you will file an appearance for the defendants and a answer with the District court.
> Dr. Austin
> PS. Once your registered with the District court pace system. We will get the notifications via the courts CEF
> System. In the event your clients have not provided you a full copy of the suite, one can be obtained there. Once you file your appearance per court rules. I will make sure your served with an future pleadings as well as our discovery request.
>
> On Mon, Jun 8, 2020 at 5:55 PM Rajita Moss <rmoss@wellsmar.com> wrote:
>> Dr. Austin:
>>
>> Our previous offer of $2,750 included a refund of the amount you paid and an additional $1000 for your claimed damages.  While we consider that offer reasonable, in a good faith effort to resolve this dispute, I have been authorized to settle all your claims for $3,000. This would include execution of a release by you, including indemnity, confidentiality and dismissal of all claims with prejudice.
>>
>> I look forward to hearing from you.
>>
>> Sincerely,
>>
>> Rajita Iyer Moss
>>
>>             *Rajita Iyer Moss*
>>
>>             Wells Marble & Hurst, PLLC
>>             Post Office Box 131
>>             Jackson, MS 39205-0131
>>             300 Concourse Boulevard, Suite 200
>>             Ridgeland, MS 39157
>>
>>             601.605.6900 MAIN
>>             601.605.6919 DIRECT
>>             601.605.6901 FAX

(ECF No. 30-1, at 7.)

Moss quickly replied and told Austin that her client would not agree to settle the case for $10,000 and urged him to lower his demand.  (ECF No. 30-1, at 8.)  Austin then revised his offer to $7,500, which he stated was "fair and reasonable," and discussed the possibility of posting negative reviews.  (ECF No. 30-1, at 9.)  The next morning, Moss sent Austin an email stating that $7,500 was not a realistic option for her client and countered with an offer to settle the case for $4,250.  (ECF No. 30-1, at 11.)

> **From:** Rajita Moss
> **To:** "Aaron Austin"
> **Subject:** RE: Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp
> **Date:** Tuesday, June 9, 2020 11:23:00 AM
> **Importance:** High
>
> Good morning Dr. Austin:
>
> First of all, I really do appreciate your good faith counter-offer of $7,500. I have tried to calculate the damages and cannot tally up the costs to encompass the offer. I thank you for your prudence in not posting negative reviews. Your offer as it stands right now exceeds the costs of counsel retention. I would like to keep our dialogue going and reach resolution. To that end I am authorized to offer $4,250 to settle all claims subject to all the previously listed conditions.
>
> I look forward to hearing from you.
>
> Rajita
>
> **From:** Aaron Austin [mailto:aron38053@gmail.com]
> **Sent:** Monday, June 8, 2020 6:52 PM
> **To:** Rajita Moss <rmoss@wellsmar.com>
> **Subject:** Re: Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp
>
> Counter offer (2) is 7,500.00 which is more than fair.
> And as clients we could've posted negative reviews and cost them more in revenue but we didn't. Your correct
> We both need to be fair and reasonable. 7,500.00 would give us back the 1,700.00 paid to them and cover 1/3 of the cost we lost.
> Austin
> Ps. And we're still open to posting our experience we had with them.
>
> Sent from my iPhone
>
>> On Jun 8, 2020, at 6:32 PM, Rajita Moss <rmoss@wellsmar.com> wrote:
>>
>> Thank you for your prompt response too Dr. Austin. I would urge you to recorder your position and make a counter offer. $10,000 is not a doable option for my client. We will file an Answer and intend to mount a vigorous defense. Please note that the Magistrate Judge dismisses the motion without prejudice. However, both sides need to be realistic and my client understands that and I urge you to do the same. I am sure the Magistrate will advise both sides to do the same at the settlement conference.
>>
>> I look forward to hearing from you.
>>
>> Sincerely,
>>
>> Rajita Iyer Moss

(ECF No. 30-1, at 11.)

That afternoon, Austin replied by stating that his damages exceeded $5,400 in "money lost" and that it might be best for a

- 7 -

jury to resolve this case.  (ECF No. 30-1, at 12.)  Negotiations seemed to stall, with both parties indicating that they were prepared to proceed to trial in lieu of settlement.  (ECF No. 30-1, at 13-16.)  On June 10, 2020, Austin attempted to rekindle negotiations by reiterating his $7,500 offer and telling Moss that the cost of trial would more than likely exceed that amount.  (ECF No. 30-1, at 17.)  When Moss again declined the $7,500 offer, Austin lowered his offer to $6,300 but expressly retained his right to post negative reviews.  (ECF No. 30-1, at 23.)

> **To:** Rajita Moss <rmoss@wellsmar.com>
> **Subject:** Re: Austin v. Mobifyi et al Civil Action No. 20-2285-TLP-tmp
>
> 6,300.00 and we retain our rights do post our reviews
>
> Sent from my iPhone
>
>> On Jun 10, 2020, at 5:00 PM, Rajita Moss <rmoss@wellsmar.com> wrote:
>>
>> Dr. Austin:
>>
>> You moved to $7,500 and I moved to $4,250. It is your turn to move. Let me know if you are so we can bring this to a close. We are close enough to make it happen. Thank you.
>>
>> Rajita Iyer Moss
>>
>>> On Jun 10, 2020, at 4:47 PM, Aaron Austin <aron38053@gmail.com> wrote:
>>>
>>> It's not me. I've submit my offer of 7,500.00
>>>
>>> Sent from my iPhone
>>>
>>>> On Jun 10, 2020, at 11:34 AM, Rajita Moss <rmoss@wellsmar.com> wrote:
>>>>
>>>> Dr. Austin:
>>>>
>>>> There are many sound prevailing arguments. I will leave the legal arguments for Court. Do I take your response to mean that you are not willing to negotiate and resolve? Please let me know.
>>>>
>>>> Rajita Iyer Moss
>>>>
>>>> Wells Marble & Hurst, PLLC
>>>> Post Office Box 131
>>>> Jackson, MS 39205-0131
>>>> 300 Concourse Boulevard, Suite 200
>>>> Ridgeland, MS 39157

(ECF No. 30-1, at 25.)

On June 11, 2020, Moss again declined Austin's offer and informed him that her client was prepared to proceed with litigation. (ECF No. 30-1, at 27.) Later that day, Austin responded and accepted the offer to settle the case for $4,250. (ECF No. 30-1, at 28-29.) Moss followed up that night by sending

- 9 -

Austin an email confirming the settlement terms and providing him with drafts of a settlement agreement and a final judgment of dismissal for his review. (ECF No. 30-1, at 32.) Before the documents were finalized, Austin made several handwritten and typed edits to various drafts. (ECF No. 30-1, at 35, 40-41; No. 30-2.) The only change that Moss rejected was his reservation of the right to post negative reviews. (ECF No. 30-1, at 43.)

When Moss told Austin that she would be issuing the settlement check, Austin asked her whether she was Mobifyi's counsel, to which she responded by telling him that she was retained strictly for settlement purposes. (ECF No. 30-1, at 42.) After a few more emails were exchanged in which Austin argued for his right to post negative reviews (but conceded), Austin once again asked Moss if she was Mobifyi's lawyer. (ECF No. 30-1, at 43-46.) Moss responded by again stating that she was retained solely for settlement and that another lawyer would take over for purposes of litigation. (ECF No. 30-1, at 47.)

> **From:** Rajita Moss
> **To:** Aaron Austin
> **Subject:** Re: Austin V. Mobifyi
> **Date:** Friday, June 12, 2020 5:38:04 PM
>
> Dr. Austin:
>
> I have been patient throughout this process and courteous. As stated before, I am their lawyer for settlement purposes but was going to retain counsel for litigation. Let me know if you have a preference for a meeting place with access to a notary public.
>
> Thank you.
>
> Rajita Iyer Moss
>
> > On Jun 12, 2020, at 5:16 PM, Aaron Austin <aron38053@gmail.com> wrote:
> >
> > If we were going to post something negative. We would've done that long ago. If they want it to stay then fine.
> > They're really starting to arggravate the hell out of me.
> > We have been more than fair and nice during this whole process.
> > In closing if your not their lawyer, why are you handling this matter
> > Austin
> > The 15 th June 2020 @ 2:00P
> >
> > On Fri, Jun 12, 2020 at 4:31 PM Rajita Moss <rmoss@wellsmar.com> wrote:
> >
> > > Dr. Austin:
> > >
> > > My client cannot agree to the settlement with your being able to post negative reviews. I have made the clause reciprocal to make it fair as to both sides not being able to do that.
> > >
> > > This clause has to remain in page 3 of the Release – "Parties also agree that they shall not disparage each other or cause any negative reviews or statements to be issued against each other".
> > >
> > > I can make the other requested changes.

(ECF No. 30-1, at 47.)

The parties agreed to meet at the offices of Farris, Bobango & Branan, PLC in Memphis, Tennessee, to exchange and execute the

- 11 -

documents.  (ECF No. 30-1, at 48.)  After meeting to execute the documents, Moss dropped them off with the court.  Austin cashed the check that he received from Moss five days after receiving it.[1]

**C.   September 9 Hearing**

Austin testified at the September 9 hearing that Moss represented herself to him as a court-appointed mediator working on behalf of Judge Parker.  (ECF No. 21-1, at 2-3.)  He testified that the first time he learned that Moss was not a court-appointed mediator was after the settlement had been finalized.  He also testified that, in addition to the email exchanges, he had several phone calls with Moss over the course of the settlement negotiations.  Further, he testified that Moss filed the Final Judgment of Dismissal with the court on June 15, 2020, and argued that it did not meet the requirements of Federal Rule of Civil Procedure 11.  (ECF No. 21-1, at 3.)  He further argued that Moss could not represent Mobifyi because she is not licensed to practice law in Tennessee and had not been granted *pro hac vice* in this district.  (ECF No. 21-1, at 3-4.)  He also argued that the settlement could not be enforced because it was neither signed by

---

[1]On September 11, 2020, Austin filed a document with the court that indicates that he is willing to return the settlement proceeds and includes a picture of a check for $4,250 written out to Moss.  (ECF No. 38.)  The undersigned notes that Austin's apparent attempt to return the settlement proceeds has no bearing on the issue of the enforceability of the settlement agreement or dismissal of the case.

- 12 -

Mobifyi nor approved by the court. (ECF No. 27, at 4.) Moreover, he testified that he would not have signed the settlement agreement but for Moss's alleged deception.

Moss, on the other hand, testified that she never spoke to Austin over the phone and that all of their communications during the negotiations were via email.[2] (ECF No. 30-4, at 1-2.) She testified that she never represented herself to Austin as a court-appointed mediator or as a representative of Judge Parker in any capacity. (ECF No. 30-4, at 2-3.) Further, she testified that the only references she made about Judge Parker to Austin were about motions Mobifyi would file with the court if settlement negotiations failed.

The undersigned has considered the testimony from both Austin and Moss, the lengthy email chain between Austin and Moss, and Moss's affidavit. The record before the court shows a hard-fought negotiation for settlement and ample evidence showing that Moss engaged with Austin in a professional manner. As such, the undersigned finds that Moss was authorized to negotiate the settlement agreement on behalf of the defendants, that she only communicated with Austin via email before meeting with him to execute the settlement documents, and that she never represented

---

[2] She testified that the only time she spoke with Austin was when they met in Memphis to tender the settlement check and to execute the settlement documents.

that she was a court-appointed mediator or that she was a representative of Judge Parker in any capacity.

## II.    PROPOSED CONCLUSIONS OF LAW

"'It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" Delgado v. UHS Lakeside, LLC, No. 11-3111, 2013 WL 4648294, at *5 (W.D. Tenn. Aug. 29, 2013) (quoting Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992)). Settlement agreements are contracts and thus are governed by state substantive contract law. Nearburg, 958 F.2d at 152. However, before enforcing a settlement agreement, the court "must conclude that the parties have reached an agreement on all material terms." Bobonik v. Medina Gen. Hosp., 126 F. App'x 270, 273 (6th Cir. 2005) (citing Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988)). To determine whether there was a meeting of the minds, "'courts use an objective standard based on the manifestations of the parties.'" Broadnax v. Quince Nursing & Rehab. Ctr., LLC, No. W2001-00819-COA-R3-CV, 2009 WL 2425959, at *3 (Tenn. Ct. App. Aug. 10, 2009) (quoting T.R. Mills Contractors, Inc. v. WRH Enters., LLC, 93 S.W.3d 861, 866 (Tenn. Ct. App. 2002)). "A written contract signed by only one party is binding on the other non-signing party if the non-signing party manifests consent to the contract's terms." Hardy v. Hershey Co., No. 18-2210, 2019 WL 4723812, at *3 (W.D. Tenn. Sept. 26, 2019) (citing

T.R. Mills Contractors, Inc., 93 S.W.3d at 866). If there is a meeting of the minds, "the settlement is enforceable unless one of the parties shows that the agreement to settle 'is tainted with invalidity, either by fraud practiced upon [that party] or by a mutual mistake under which both parties acted.'" Delgado, 2013 WL 4648294, at *5 (quoting Callen v. Pa. R. Co., 332 U.S. 625, 630 (1948)).

Here, the settlement agreement illustrates a meeting of the minds as to all material terms. The emails between Moss and Austin show a bargained-for transaction, with Austin bartering for a higher settlement demand and using other terms, such as an anti-disparagement clause, as leverage.[3] (ECF No. 30-1, at 23-32, 43-44); see also Delgado, 2013 WL 4648294, at *6 (finding a meeting of the minds where "[t]he agreement was negotiated in length, with [plaintiff] actively participating and . . . negotiat[ing] . . . very specific changes and inclusions"). Austin made comments on and revised various drafts of the settlement agreement. (ECF No. 30-1, at 40-44; No. 30-2.) Austin signed the final version of the settlement agreement in the presence of a notary along with the final judgment of dismissal and notice of settlement that were submitted to the court. (ECF Nos. 18, 30-3); see also Hardy, 2019

---

[3]There is no evidence that Moss took advantage of Austin's *pro se* status, nor any indication that Austin did not understand the settlement negotiation process.

- 15 -

WL 4723812, at *3 ("The parties mutually assented to the terms as evidenced by their signatures."). In addition, Austin wrote a letter to Judge Parker stating that he had "settled this matter with all parties." (ECF No. 18.) The fact that Austin accepted and cashed the settlement check is further evidence that a meeting of the minds occurred. See RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001) ("[O]bjective acts of the parties [can] reflect that a[] [settlement] agreement had been reached."). Thus, an objective observer could "conclude that the parties have reached an agreement on all material terms." Bobonik, 126 F. App'x at 273 (citing Brock, 841 F.2d at 154).

Because settlement agreements are fundamentally contracts, the settlement agreement cannot be set aside on the grounds that Moss was not granted *pro hac vice* status or that she did not sign the final judgment of dismissal.[4] That leaves only Austin's

---

[4] As to the first argument, Moss is licensed to practice law in Mississippi. (ECF No. 30-4, at 1.) Mobifyi has retained litigation counsel, Richard Underwood, who is licensed to practice law in Tennessee and is responsible for the proceedings before this court. Thus, it was not improper for Moss to participate in the negotiations of the settlement of this matter without being either licensed to practice law in Tennessee or admitted *pro hac vice* in this district. As for Austin's argument that Moss violated Rule 11 by not signing the Final Judgment of Dismissal, Moss's signature was not required to be on the documents merely because she physically dropped them off at the courthouse. This argument is meritless. In any event, neither of these alleged violations would be a basis to negate the validity of the settlement agreement.

unfounded allegation that Moss misrepresented herself as a court-appointed mediator and as a representative of Judge Parker's chambers as grounds to void the settlement agreement.  As the undersigned found above in the Proposed Findings of Fact, Moss never made these alleged representations to Austin.  See Delgado, 2013 WL 4648294, at *8 (noting that the burden is on the challenger of a settlement agreement to prove that an "otherwise valid agreement is unenforceable due to fraud"); George v. Vought Aircraft Indus., Inc., No. 3:08-0787, 2009 WL 5217002, at *10 (M.D. Tenn. Dec. 30, 2009) (noting that an essential element to a fraudulent misrepresentation claim under Tennessee law is a false representation by the defendant).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Mobifyi's Motion to Enforce the Settlement Agreement be granted, that Austin's Motion to Set Aside Final Judgment of Dismissal and for Sanctions be denied, and that the case be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 23, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**