**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| ARON J. AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02285-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| MOBIFYI, LLC, doing business as Appscrip, ) | |
| and 3 EMBED SOFTWARE ) | |
| TECHNOLOGIES, PVT. LTD., Parent ) | |
| Company, Underwriter, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**BACKGROUND**

The parties here entered into a settlement agreement, and Plaintiff asked this Court to dismiss the case with prejudice. (ECF No. 18.) But then, Plaintiff moved to set aside the settlement and for sanctions. (ECF No. 21.) Defendant Mobifyi, LLC ("Defendant") countered that the Court should enforce the settlement agreement for all parties. (ECF No. 24.) The Court referred this case to the Magistrate Court for determination of all pretrial matters under Administrative Order 2013-05. And the Magistrate Court entered a Report and Recommendation ("R&R") recommending the Court grant Defendant's motion to enforce the settlement agreement, deny Plaintiff's motion to set aside, and dismiss this action with prejudice. (ECF No. 40.) Plaintiff objected (ECF No. 41), and Defendants responded to Plaintiff's objections. (ECF No. 42.)

**THE REPORT AND RECOMMENDATION**

I. **Case History**

First, the Magistrate Court thoroughly outlined the history of this matter. (ECF No. 40 at PageID 429–42.) The relevant facts are as follows. On June 15, 2020, Plaintiff filed a notice of settlement and dismissal for all parties. (ECF No. 18.) The notice included a letter explaining that Plaintiff had settled with all parties. (*Id*.) The settlement agreement shows that the parties agreed to settle for $4,250 in exchange for Plaintiff releasing all claims of liability. (ECF No. 30-3.)

But after entering a notifice of settlement, Plaintiff moved to set aside the notice of settlement and for sanctions. (ECF No. 21.) To support the motion, Plaintiff alleged that during settlement negotiations Defendant's attorney, Rajita Moss, misrepresented herself as a court-appointed mediator. (ECF No. 21-1.) And because Moss was only licensed to practice law in Mississippi, not in Tennessee, Plaintiff claimed she could not negotiate the settlement for a Tennessee business without pro hac vice status. (*Id.*) Plaintiff also alleged Moss did not sign the settlement agreement, which violated Fed. R. Civ. P. 11 ("Rule 11"). (*Id.*)

In response, Defendant moved to enforce the settlement agreement (ECF No. 24), and Plaintiff replied reiterating his allegations. (ECF No. 28.)

On September 9, 2020, the Magistrate Court held an evidentiary hearing and heard testimony from Plaintiff and Moss. (ECF No. 35.) The testimony and a chain of emails showed that when settlement talks began Moss explained to Plaintiff that she was not entering an appearance in the case and that she was acting only as settlement counsel. (ECF No. 40 at PageID 432.) The emails also showed Plaintiff and Moss engaged in vigorous negotiations to settle Plaintiff's claims. (*Id.* at PageID 431–42.) And on June 11, 2020, Plaintiff accepted Moss's offer of $4,250.00 to settle. (*Id.* at PageID 437.) Moss responded by confirming the

settlement terms and providing Plaintiff with drafts of a settle agreement and a final judgment for dismissal. (*Id.* at 437–38.) Plaintiff made edits to the agreement, and the parties reached a final agreement. (*Id.* at PageID 438.)

Plaintiff questioned Moss about whether she was Defendant's attorney, and she explained more than once that Defendant retained her only for settlement purposes. (*Id.* at PageID 438–39.) Plaintiff and Moss met in Memphis and executed the settlement documents in front of a notary; Moss then delivered the documents to the Court. (*Id.* at PageID 439–40.) Plaintiff went on to cash the settlement check five days later. (*Id.* at PageID 40.)

After the Magistrate Court heard testimony at the hearing and analyzed the email exchanges, the Magistrate Court determined that Moss could execute the settlement agreement for Defendants. (*Id.* at PageID 441.) And the Magistrate Court found Moss never represented that the Court had appointed her or that she had an affiliation with this Court. (*Id.* at PageID 441–42.)

## II.     The Magistrate Court's Analysis

The Magistrate explained, "[i]t is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." (*Id.*); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). But before doing so, the Court must ensure, "that the parties have reached an agreement on all material terms." *Bobonik v. Medina Gen. Hosp.*, 126 F. App'x 270, 273 (6th Cir. 2005). Because settlement agreements are contracts, Tennessee contract law applies here to determine whether the parties reached a meeting of the minds. *See Nearburg*, 958 F.2d at 152. Under Tennessee law, courts analyze whether the parties reached a meeting of the minds by using an objective standard. *T.T. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W. 3d 861, 866 (Tenn. Ct. App. 2002). If

there is a meeting of the minds, the settlement is enforceable unless one of the parties shows that the agreement to settle "is tainted with invalidity, either by fraud practiced upon [that party] or by a mutual mistake under which both parties acted." *Delgado v. UHS Lakeside, LLC*, No. 11-3111, 2013 WL 4648294, at *5 (W.D. Tenn. Aug. 29, 2013).

The Magistrate Court found that the parties' settlement agreement showed "a meeting of the minds as to all material terms." (ECF No. 40 at PageID 443.) First, the emails showed a bargained-for exchange where Plaintiff bartered for a higher settlement, using an anti-disparagement clause as leverage. (*Id.*) Further, Plaintiff made comments and edited drafts of the agreement. (*Id.*); *see Delgado*, 2013 WL 4648294, at *6 (finding a meeting of the minds where the parties negotiated the agreement in length, with the plaintiff actively participating and negotiating specific changes and inclusions). What is more, Plaintiff signed the agreement and the final judgment of dismissal in a notary's presence, and then wrote a letter to this Court stating he had "settled this matter with all parties." (*Id.* at PageID 443–44.) Finally, Plaintiff accepted and cashed the settlement check again showing a meeting of the minds. (*Id.* at PageID 444.)

In addressing Plaintiff's allegations against Moss, The Magistrate Court explained that the Court should not set aside the settlement agreement simply because Moss was not licensed in Tennessee and had not signed the Final Judgment of Dismissal. (*Id.*) Defendant had retained a Tennessee attorney for litigation purposes, and Moss was only responsible for facilitating settlement negotiations, which are fundamentally contracts. (*Id.*) And Moss was not required to sign the Final Judgment of Dismissal just because she delivered the documents to the courthouse. (*Id.*) Finally, the Magistrate found that Moss never misrepresented herself as a court-appointed mediator. (*Id.* at PageID 445.) In sum, the Magistrate Court found the judgment could not be set aside based on Plaintiff's arguments about Moss. (*Id.*) And so, the Magistrate recommended

that this Court should deny Plaintiff's motion to set aside notice of settlement, deny Plaintiff's request for sanctions, grant Defendant's motion to enforce settlement, and dismiss this case with prejudice. (*Id.*)

## DISPOSITION

"A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When reviewing a Report and Recommendation from the Magistrate Court,

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review, a district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986). And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). And a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Here, Defendant timely objected to the Magistrate Judge's R&R. (ECF No. 41.) But his objections are unpersuasive. For starters, the Court agrees with the Magistrate Court's assessment in the R&R. Plaintiff entered into a vigorously negotiated settlement agreement, and his actions show a meeting of the minds. (*See* ECF No. 40 at PageID 443.) This Court has the inherent power to enforce settlement agreements before it. *Nearburg*, 958 F.2d at 152. And the

fact that Plaintiff may have changed his mind after agreeing to settle does not invalidate the parties' agreement. *Montano v. Knox Cty.*, No. 3:14-CV-404-PLR-CCS, 2016 WL 1192673, at *2 (E.D. Tenn. Mar. 28, 2016) ("After-the-fact sentiments do not merit setting aside an otherwise complete settlement agreement."); *Stewart v. Carter Mach. Co. Inc.*, 82 Fed. Appx. 433, 436 (6th Cir. 2003).

Plaintiff also failed to show fraud or mutual mistake in the execution of the agreement. But for the sake of analysis, the Court will address Plaintiff's objections about Moss.

I.  **Rule 11**

First, Plaintiff argues that Moss violated Rule 11 by not including her contact information and signature on the settlement agreement. (ECF No. 41.) Rule 11 states, "Every pleading, written motion, and other paper must be signed by at least one attorney of record." Fed. R. Civ. P. 11. The Court finds that Moss did not violate Rule 11 when she did not sign the settlement agreement. "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). And a mutually agreed upon settlement agreement is not a "filing" at all, much less the type of baseless filing that Rule 11 seeks to prevent. What is more, Courts have found that that Rule 11's "other paper" language does not include settlement agreements.

For example, in the Eighth Circuit case *Adduono v. World Hockey Ass'n*, the Court there found that it could not sanction an attorney under Rule 11 based on alleged misconduct related to a settlement agreement. 824 F.2d 617, 621 (8th Cir. 1987). The court explained, "Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases." (*Id.*) And

> "Rule 11 proceedings were never intended to resolve disputes between parties as to whether a settlement agreement has been breached, nor are Rule 11 proceedings

> intended to determine misrepresentation questions where the misrepresentation is not reflected in a pleading, motion or paper filed with the district court . . . Rule 11 is not the proper basis for sanctions against an attorney based on alleged misrepresentation in a settlement agreement or a breach of the agreement."

(*Id.*)

This Court agrees with the Eighth Circuit. Moss did not have to sign the settlement agreement and is not subject to sanctions based on her participation in preparing the settlement documents. Even if Moss had violated Rule 11, the remedy for a Rule 11 violation would be to admonish or sanction the attorney—not rescind the settlement agreement Plaintiff negotiated and signed. *See* Fed. R. Civ. P. 11(c).

## II.     Local Rule 83.4

Next, Plaintiff argues that Moss's failure to get pro hac vice status violated Local Rule 83.4, which governs Attorney Admission to practice here. But Moss made it clear from her first communication that she was settlement counsel only seeking to resolve Plaintiff's issues before moving forward with formal litigation. (ECF 40 at PageID 432.) Yet Plaintiff correctly points out that Defendant only got local counsel after Moss had negotiated the settlement. (ECF No. 41 at PageID 447.) While true, Moss made clear—and Plaintiff knew—that if negotiations failed, Defendant's next step would be to hire local litigation counsel. (ECF No. 40 at PageID 439.)

Most importantly though, LR 83.4 requires a notice of appearance for attorneys participating in *trial* and *hearings on motions*. LR 83.4 ("No person, unless duly admitted to practice in this Court shall be permitted to appear and participate in the *trial* of any action or *hearing* of any motion" except as provided by the rule). Moss participated in neither a trial nor a motion hearing—nor did she enter any documents into the ECF system. Moss was clear with Plaintiff that she was not litigation counsel, and her only role was to negotiate settlement. The

7

Court finds that Moss never had any intentions of acting as litigation counsel for Defendants, and her limited role in negotiating a settlement agreement did not violate LR 83.4.

The Court notes, however, that even if Moss had violated the rule by not entering a notice of appearance, the remedy would still not be rescission of Plaintiff's settlement agreement. For a violation of LR 83.4, the Rule states, "an attorney is subject to appropriate disciplinary action by the Court in accordance with the procedures contained in this Court's Order Adopting Rules of Disciplinary Enforcement." LR 83.4. So again, the remedy for this type of violation is attorney discipline—not contract rescission.

Finally, Plaintiff mentions Federal Rule of Evidence 408, which governs the admissibility of compromise offers and negotiations. (ECF No. 41.) Plaintiff does not state a clear objection on this point, and so it lacks the specificity required for the Court to discern Plaintiff's argument about Fed. R. Evid. 408. *See Currie*, 50 F.3d at 380. What is more, Plaintiff did not present this issue before the Magistrate Court, so it is a new contention and an inappropriate consideration here. *See Murr*, 200 F.3d at 902 n.1.

And so, the Court **OVERRULES** Plaintiff's objections, because they lack merit.

## CONCLUSION

The Court **ADOPTS** the R&R in its entirety. The Court therefore **GRANTS** Defendant's motion to enforce the settlement agreement and **DENIES** Plaintiff's motion to set aside the notice of settlement. Judgment will follow entry of this Order.

**SO ORDERED**, this 7th day of December, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE